IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES D. PULLEN,<br>    Plaintiff,<br>v.<br>CLAYTON COUNTY,<br>    Defendant. | 1:14-cv-3740-WSD |
| JAMES D. PULLEN,<br>    Plaintiff,<br>v.<br>FULTON COUNTY,<br>    Defendant. | 1:14-cv-3742-WSD |
| JAMES D. PULLEN,<br>    Plaintiff,<br>v.<br>JUDGE TUSCAN,<br>    Defendant. | 1:14-cv-3743-WSD |
| JAMES D. PULLEN,<br>    Plaintiff,<br>v.<br>LOS ANGELES COUNTY<br>CIRCUIT JUDGE,<br>    Defendant. | 1:14-cv-3745-WSD |

| | |
|---|---|
| JAMES D. PULLEN,<br><br>                Plaintiff,<br>v.<br>MARTIN KING & CORETTA KING INCORPORATED,<br>                Defendant. | 1:14-cv-3747-WSD |
| JAMES D. PULLEN,<br><br>                Plaintiff,<br>v.<br>MAYNARD JACKSON,<br>                Defendant. | 1:14-cv-3749-WSD |
| JAMES D. PULLEN,<br><br>                Plaintiff,<br>v.<br>REV. WILLIAM SMITH,<br>                Defendant. | 1:14-cv-3750-WSD |
| JAMES D. PULLEN,<br><br>                Plaintiff,<br>v.<br>ELAINE L. CARLISLE,<br>                Defendant. | 1:14-cv-3751-WSD |

| | |
|---|---|
| **JAMES DONALD PULLEN,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**42 PRESIDENT & FIRST LADY CLINTONS,**<br><br>                    **Defendant.** | 1:14-cv-3918-WSD |
| **JAMES DONALD PULLEN,**<br><br>                    **Plaintiff,**<br><br>v.<br><br>**MICHAEL JORDAN,**<br><br>                    **Defendant.** | 1:14-cv-3919-WSD |

## OPINION AND ORDER

This matter is before the Court on the required frivolity review of James D. Pullen's ("Plaintiff")[1] Complaints, pursuant to 28 U.S.C. § 1915(e)(2)(B).

### I.    BACKGROUND

On November 20, 2014, and December 9, 2014, Plaintiff initiated these ten (10) actions by filing his Complaints and Applications for Leave to Proceed *In Forma Pauperis* ("IFP Applications").[2]  Magistrate Judge Gerrilyn G. Brill granted

---

[1]   Plaintiff used his full middle name, Donald, in the actions initiated on December 9, 2014.

[2]   Plaintiff has filed eleven (11) of these nearly-identical actions in this Court, one of which the Court dismissed as frivolous on January 6, 2015.  See Pullen v. Diamond Club & Assocs., No. 1:14-cv-3917-WSD.

Plaintiff's IFP Applications and Plaintiff's Complaints were submitted to the Court to conduct the required frivolity review.

Plaintiff's *pro se* Complaints are identical in each case and contain no factual allegations. Plaintiff's Complaints do not assert any specific claims, do not specify against whom he seeks to assert any purported claims,[3] and do not state the basis for any claims he may wish to assert. Plaintiff's Complaints merely list cases, treatises, and other citations, without providing any factual basis to connect these authorities to any claim for relief. Plaintiff's Complaints do not contain a demand for any equitable or monetary relief.

## II.   DISCUSSION

### A.   Standard of Review

A court must dismiss a complaint filed *in forma pauperis* if at any time the court determines the action is frivolous or malicious or that it fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H&S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483,

---

[3]   The only reference to the captioned defendants appears in Plaintiff's IFP Applications. The Complaints do not contain captions, and the defendants are not referenced in the Complaints.

1490 (11th Cir. 1997)).  Under this standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

Review for frivolousness, on the other hand, "'accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'"  See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting Neitzke v.Williams, 490 U.S. 319, 327 (1989)).  A claim is frivolous when it "has little or no chance of success," that is, when it appears "from the face of the complaint that the factual allegations are 'clearly baseless' or that the legal theories are 'indisputably meritless.'"  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993) (quoting Neitzke, 490 U.S. at 327).

Plaintiff filed his Complaint *pro se*.  "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be

held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted).  Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure.  See Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 371 (11th Cir. 2005).  "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief."  Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).  "[A] district court does not have license to rewrite a deficient pleading."  Osahar v. U.S. Postal Serv., 297 F. App'x 863, 864 (11th Cir. 2008)

B.   Analysis

Plaintiff's Complaints do not contain any specific factual assertions or legal claims against any person or entity or the captioned defendants.  Instead, Plaintiff's Complaints contain only the same list of seemingly unrelated cases, treatises, and laws, and fail to demand any specific equitable or monetary relief.  Plaintiff's Complaints fail to state a claim on which relief can be granted, and these actions are required to be dismissed.  See 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that these actions are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2).

**SO ORDERED** this 22nd day of April, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE